Agnes R. CHEERS, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 04–3217.

United States Court of Appeals, Federal Circuit.

Oct. 12, 2004.

is unclear what relief Goss seeks with this request.

Before LOURIE, BRYSON, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

Agnes R. Cheers appeals from the decision of the Merit Systems Protection Board affirming the Office of Personnel Management's ("OPM's") dismissal of her appeal of an earlier petition for enforcement. *Cheers v. Office of Pers. Mgmt.,* No. DC–0844E–03–0225–1–1 (M.S.P.B. Feb. 27, 2004). We *affirm.*

## BACKGROUND

Ms. Cheers was employed as a Materials Handler by the Defense Logistics Agency. In June 1997, she filed an application for disability retirement, which was denied by the OPM. Cheers appealed to the Board and it affirmed the OPM's decision in its initial decision. However, on petition for review, the full Board decided that Cheers had made a prima facie showing of entitlement to disability retirement benefits. Accordingly, the Board vacated the initial decision and remanded the case to the Regional Office, noting that the OPM had the burden to rebut Cheers' prima facie case. *Cheers v. Office of Pers. Mgmt.,* 87 M.S.P.R. 591, 597 (2001). On remand, the Administrative Judge ("AJ") found that Cheers had indeed "established her entitlement to the disability retirement benefits she seeks," and the AJ ordered the OPM to grant her application. *Cheers v. Office of Pers. Mgmt.,* No. DC–844E–99–0501–B–1, slip op. at 5–6 (M.S.P.B. May 10, 2001).

In August 2001, Cheers began to receive a disability retirement annuity. Nevertheless, she was not satisfied that the OPM had properly calculated her service time for purposes of computing her disability retirement annuity once she reaches age 62, and she filed a petition for enforcement of the Board's final order. *Cheers v. Office of Pers. Mgmt.,* No. DC–844E–99–0501–C–1, slip op. at 1–2 (M.S.P.B. Feb.1, 2002). In response, the OPM argued that Cheers' service time was not relevant to her current annuity and that she could challenge any future discrepancies when they actually arise. *Id.* at 2. On February 1, 2002, the AJ issued an initial decision agreeing with the OPM's position, recognizing that Cheers was "appealing matters that have not yet occurred and will not occur for many years." *Id.* at 4. The AJ thus denied the petition for enforcement.

At that point in the case history, Cheers' filings at the Board appear to take two divergent paths. First, Cheers filed a petition for review that was dated February 28, 2002, but was not postmarked or received by the Board by the March 8, 2002 deadline; as was later learned, the Board actually received Cheers' petition on December 26, 2002. As a result, on January 6, 2003, the Board denied the petition as untimely and recommended that Cheers file a motion to accept the filing as untimely or waive the time limit, an action that she took on January 15, 2003. On January 26, 2004, the Board accepted her petition for review, but denied it on the merits, making the February 1, 2002 decision final.

In the meantime, Cheers also filed a new appeal form on December 24, 2002, again "appealing" the initial decision issued February 1, 2002. That filing was assigned a new docket number, DC–844E–03–225–I–1. On February 27, 2003, the

AJ issued an initial decision dismissing that appeal because, she stated, the proper avenue for review was Cheers' petition for review dated February 28, 2002, listed under docket number DC–844E–99–0501–B–1, which was then pending. Cheers filed another petition for review, and the full Board denied that petition on March 1, 2004, making its initial decision final. It is that decision that Cheers now appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *see Briggs v. Merit Sys. Prot. Bd.,* 331 F.3d 1307, 1311 (Fed.Cir. 2003).

On appeal, Cheers requests simply that we reevaluate the Board's determination of her service time. The Government responds that Cheers was already pursuing her claim pursuant to a properly filed petition for review under docket number DC–844E–99–0501–B–1. It asserts that the Board correctly dismissed the appeal because it was duplicative, and it urges us to affirm the Board's decision.

We agree with the Government that the Board properly dismissed Cheers' appeal in DC–844E–03–225–I–1. She has not alleged any factual error, and it is clear that the new appeal form filed on December 24, 2002 was duplicative of her petition for review and thus improperly filed. We therefore conclude that the Board did not err in denying Cheer's appeal. Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.